# NO. 23-20586

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**RAMEY & SCHWALLER, LLP**
*Plaintiff—Appellant*

v.

**ZIONS BANCORPORATION, N.A. D/B/A AMEGY BANK**
*Defendant—Appellee*

### On Appeal from the United States District Court
### For the Southern District of Texas, Houston Division
### 4:20-cv-2890

### APPELLEE'S OPPOSED SECOND MOTION FOR THE AWARD OF ATTORNEYS' FEES

CRADY JEWETT MCCULLEY & HOUREN LLP
Carlton D. Wilde, Jr.
State Bar No. 21458001
Email: cwilde@cjmhlaw.com
John D. Herrmann
State Bar No. 24120549
Email: jherrmann@cjmhlaw.com
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: (713) 739-7007
Facsimile: (713) 739-8403

***Attorneys for Appellee,***
***Zions Bancorporation NA, doing business as Amegy Bank***

# CERTIFICATE OF INTERESTED PARTIES

Counsel of Record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Plaintiff-Appellant** | **Counsel** |
|---|---|
| Ramey & Schwaller, L.L.P. | William P. Ramey, III<br>Ramey LLP<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>Telephone: 713-426-3923<br><br>Jacob Henry<br>Ramey LLP<br>5020 Montrose Blvd.<br>Houston, Texas 77006<br>(713) 426-3923<br>(832) 900-4941 (Fax) |
| **Defendant-Appellee** | **Counsel** |
| Zions Bancorporation NA d/b/a Amegy Bank | Carlton D. Wilde, Jr.<br>John D. Herrmann<br>Crady Jewett McCulley & Houren LLP<br>2727 Allen Parkway, Suite 1700<br>Houston, Texas 77019<br>Telephone: 713-739-7007 |

# I.
## SUMMARY OF THE MOTION

1.     Pursuant to Loan Agreements (herein defined) made the bases of this dispute and as permitted by Rule 47.8 of the Fifth Circuit Local Rules, Defendant/Appellee, Zions Bancorporation, N.A. d/b/a Amegy Bank ("Amegy" or "Appellee"), by and through the undersigned counsel, respectfully moves for an award of its appellate attorneys' fees incurred during the second appeal filed by Plaintiff/Appellant, Ramey & Schwaller, LLP ("R&S" or "Appellant").

2.     This is the second motion for the award of appellate attorneys' fees filed by Amegy. After prevailing on the first appeal [COA.22-20107], Amegy sought an award of its reasonable and necessary appellate attorneys' fees in the amount of $81,488.00. This Court granted Amegy's first motion for additional attorneys' fees in the unpublished order dated August 1, 2023. COA.22-20107, Dkt. No. 110.

3.     Amegy now seeks an additional award of its reasonable and necessary appellate attorneys' fees incurred during the second appeal in the amount of **$20,744.70**. The foregoing fee amount is supported by the Affidavit of Carlton D. Wilde, Jr., and the contemporaneous time records included therein, attached to this Motion as **Exhibit 1**. The fees sought herein are in addition to the fees incurred at the trial court level and awarded by the District Court as well as the amount subsequently awarded after Appellee prevailed in the first appeal. ROA.1268.

4. Amegy is entitled to an award of its appellate attorneys' fees pursuant to the Business Loan Agreement and the Promissory Note (collectively, the "Loan Documents"). ROA.495-503, 504-508 (the Business Loan Agreement and Promissory Note, respectively).

5. Under the Business Loan Agreement, Plaintiff agreed "to pay upon demand all of [Amegy's] reasonable attorneys' fees and [Amegy's] legal expenses, incurred in connection with the enforcement of [the Business Loan Agreement]." ROA. 501. The Promissory Note similarly states that "[Amegy] may hire an attorney to help collect this Note if [Plaintiff] does not pay, and [Plaintiff] will pay [Amegy's] reasonable attorneys' fees." ROA. 505.

6. Amegy files this Motion pursuant to Rule 47.8 of the Fifth Circuit Local Rules. "Our local rules provide for appellate litigants to petition this court for appellate attorneys' fees." *Atom Instrument Corporation v. Petroleum Analyzer Company, L.P.*, 969 F.3d 210, 219 (5th Cir. 2020) (citing 5th Cir. R. 47.8).

## II.
## PROCEDURAL HISTORY

7. The District Court granted Amegy's Motion for Summary Judgment on December 10, 2021 and awarded Amegy its attorneys' fees incurred through the filing of the same. ROA.1259 - 1268. Whether Amegy was entitled to its fees was not originally challenged on appeal, but was subsequently made part of the meritless grounds on which Appellant filed the second appeal.

8.  Amegy now seeks its reasonable and necessary attorneys' fees incurred after prevailing in the second meritless appeal filed by Appellant.[1]

## III.
## ARGUMENTS AND AUTHORITIES

9.  Just as Amegy was entitled to its reasonable and necessary attorneys' fees incurred on Appellant's first appeal, Amegy is also entitled to its reasonable and necessary attorneys' fees incurred on Appellant's second appeal pursuant to the Loan Documents. "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, if a party is entitled to recovery attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal. *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 166 (Tex. App.—El Paso 1991, no writ)). This Court's local rules allow appellate litigants to move for appellate attorneys' fees after prevailing on appeal. *See* 5TH CIR. R. 47.8.

**A.   Amegy is entitled to its Attorneys' Fees incurred on Appeal.**

10.  Amegy has prevailed on this second appeal. *See, generally, Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA d/b/a Amegy Bank*, 2024 WL 2746968, No. 23-20586 (5th Cir. May 29, 2024).

---

[1] As discussed in the Order issued by the Court, the sole non-forfeited argument presented by Appellant during the second appeal was meritless.

11. The District Court found Amegy entitled to its reasonable and necessary attorneys' fees pursuant to the Loan Documents. ROA. 1268 ("The Court finds that this case arose in connection with the enforcement of the Business Loan Agreement and that [Amegy] is entitled to attorneys' fees . . ..").  Plaintiff did not challenge the award of attorneys' fees to Amegy on appeal. This Court subsequently awarded Amegy its attorneys' fees on appeal in the amount of $81,488.00.

12. Thus, because Amegy was entitled to its attorneys' fees at trial, and for the same reason Amegy was awarded its attorneys' fees after prevailing on the first appeal, Amegy is entitled to its attorneys' fees incurred in defending against Appellant's second appeal. *See, e.g., DP Sols. Inc*, 353 F.3d at 437.

**B.     Amegy incurred $20,744.70 in Attorneys' Fees on Appeal.**

13. Starting with the date on which Amegy received Plaintiff's Notice of Appeal, and continuing through the date on which this Court issued its ruling, Amegy has incurred **$20,744.70** in reasonable and necessary attorneys' fees. *See* **Exhibit 1**.

14. The lodestar method requires a court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the lodestar." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

15.  Here, Counsel for Amegy has reviewed the billing statements and contemporaneous time records related to the legal services provided to Amegy on appeal. *Id.* In total, Counsel for Amegy expended seventy-four and ninety-five tenths (74.95) hours on appeal. *Id.* at ¶ 9(a). Given the nature and complexity of the issues raised on appeal, it is the opinion of Counsel for Amegy that seventy-four and ninety-five tenths (74.95) hours is a reasonable number of hours to expend during this appeal. *Id.*

16.  Next, Counsel for Amegy considered the rate of each professional providing legal services on appeal, as well as the overall average rate of said services. *Id.* at ¶ 9(c). The rates of the attorneys providing legal services on appeal included: (i) $450.00 per hour for Carlton D. Wilde, Jr., the senior partner overseeing the appeal; (ii) $250.00 per hour for John D. Herrmann, the associate performing the majority of the legal research, drafting of documents filed on appeal, and correspondence with counsel for Appellant; and (3) $250.00 per hour for Megan T. Rose, an associate who assisted with performing initial legal research and drafting of documents filed on appeal. *Id.* In each instance, it is the opinion of Counsel for Amegy that the foregoing hourly rates are reasonable and customary for attorneys of similar experience when performing similar work. *Id.*

17. As such, Amegy respectfully requests that the Court award Amegy its reasonable and necessary attorneys' fees incurred on appeal in the amount of **$20,744.70**.

## IV.
## CONCLUSION

Amegy respectfully requests that this Court grant Amegy's Motion for the Award of **$20,744.70** of reasonable and necessary Attorneys' Fees incurred by Amegy on appeal.

    Respectfully submitted,

    CRADY JEWETT McCULLEY & HOUREN LLP

    By: */s/ Carlton D. Wilde, Jr.*
        Carlton D. Wilde, Jr.
        State Bar No. 21458001
        cwilde@cjmhlaw.com
        John D. Herrmann
        State Bar No. 24120549
        jherrmann@cjmhlaw.com
        2727 Allen Parkway, Suite 1700
        Houston, Texas 77019-2125
        Telephone: (713) 739-7007
        Facsimile: (713) 739-8403

    **Attorneys for Defendant/Appellee, Zions Bancorporation, N.A. d/b/a Amegy Bank**

## CERTIFICATE OF CONFERENCE

I hereby certify that Amegy has complied with the Court's rules and procedures regarding litigants conferring on all non-dispositive motions prior to the filing of the same. Counsel for Amegy conferred with counsel for Appellant regarding the relief sought herein. Despite the attempt to confer regarding the subject matter, Counsel for Appellant failed to indicate whether Appellant was opposed or unopposed to the relief sought herein. Amegy, therefore, assumes Appellant is **opposed**.

*/s/ Carlton D. Wilde, Jr.*
Carlton D. Wilde, Jr.

## **CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains 1,174 words, as determined by the computer software's word-count function, excluding the sections of the document exempted by Fed. R. App. P. 32(f), and therefore complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A). I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font for text and Times New Roman 12-point font for footnotes.

                                              */s/ Carlton D. Wilde, Jr.*
                                              Carlton D. Wilde, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for the Award of Attorneys' Fees Incurred on Appeal was served to all counsel of record via CM/ECF on this the 11th day of July 2024.

*/s/ Carlton D. Wilde, Jr.*
Carlton D. Wilde, Jr.

# AFFIDAVIT IN SUPPORT OF MOTION FOR
# ATTORNEYS' FEES INCURRED BY DEFENDANT ON APPEAL

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned Carlton D. Wilde, Jr., Affiant, who, being by me duly sworn, on oath stated:

1. "My name is Carlton D. Wilde, Jr. I am over eighteen (18) years of age, am capable of making this Affidavit, and am fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein, and all of such matters are true and correct.

2. I am an attorney and partner with the law firm of Crady Jewett McCulley & Houren LLP and an attorney of record for Zions Bancorporation, N.A. d/b/a Amegy Bank, Defendant in the above-styled cause. I have been a lawyer and a member of the State Bar of Texas since 1988. Since 1988, I have practiced law in Houston, Harris County, Texas and in various other counties in Texas, as well as in the United States District Court for the Southern District of Texas. I am familiar with the usual and customary charges for cases of this nature in and around Harris County, Texas.

3. In or about August of 2020, Defendant, Zions Bancorporation, N.A. d/b/a Amegy Bank ("Defendant"), employed my firm to defend the claim upon which this suit is based, as well as prosecute Defendant's counterclaim.

4. On or about September 14, 2023 the Deputy Clerk of the Southern District of Texas issued an Abstract of Judgment for $173,866.78 at the request of Defendant. Plaintiff filed an Emergency Motion to Correct Abstract of Judgment which was denied. Plaintiff subsequently appealed that decision on December 7, 2023.

5. Between the date of Plaintiff filing its appeal and the date on which this Court issued its order dated June 20, 2024, I, or someone under my direction, have done or caused to be done the following:

    (a) Reviewed pertinent documents and discussed the issues raised on appeal with our client;
    (b) Researched the various legal arguments raised on appeal;
    (c) Reviewed the relevant and applicable rules, local rules, and internal operating procedures of the Fifth Circuit Court of Appeals;
    (d) Prepared and filed Defendant's Response Brief; and,


EXHIBIT 1

    (e)    Reviewed and analyzed Plaintiff's Reply Brief.

6. The discrete legal tasks performed in this case, the time involved, and the costs and fees incurred were reasonable and necessary to uphold the District Court's ruling in favor of Defendant. The discrete legal tasks performed, as well as the time spent performing those tasks, are further described on the fee invoices attached to this Affidavit as **Exhibit A**. Any item wholly redacted in Exhibit A to this Affidavit is unrelated to this appeal and not subject to the request for attorneys' fees supported by the same.

    (a)    Additionally, I also am a custodian of records for Crady Jewett McCulley & Houren LLP. I am familiar with the manner in which Crady Jewett McCulley & Houren LLP's records were created and maintained by virtue of my duties and responsibilities as a partner. The fee invoices attached as **Exhibit A** are exact duplicates of the original records maintained by Crady Jewett McCully & Houren LLP, with necessary redactions to protect attorney-client privilege and attorney work product. It was the regular practice of Crady Jewett McCully & Houren LLP to make these types of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record. These records were made by, or from information transmitted by, persons with knowledge of the matters set forth. These records were kept in the course of regularly conducted business activity.

7. Taking into consideration the services rendered to Defendant on appeal, the reasonable, necessary, equitable and just attorneys' fees and expenses on appeal is Twenty Thousand Seven Hundred and Forty-Four 70/100 Dollars (**$20,744.70**).

8. In determining the applicable appellate fees, I have utilized all the factors set forth in Rule 1.04 of the Disciplinary Rules of Professional Conduct, the factors set forth in *Arthur Andersen & Co. v. Perry Equip. Co.*, 945 S.W.2d 812, 818 (Tex. 1997), and I have applied the Lodestar method.

9. Specifically, I have considered the following:

    *a.*    *The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;*

This factor is somewhat applicable. This case involves the interpretation of certain provisions of the newly issued loan documents presented by the Small Business Administration

under the Paycheck Protection Program (the "PPP"). Furthermore, the discrete issues raised by Plaintiff's owner's criminal proceedings during the COVID-19 pandemic have raised several novel issues to be researched and considered while reviewing the loan documents under the PPP. Given the complex and novel issues raised on appeal, the total amount of billable time expended amounts to seventy-four and ninety-five-tenths (74.95) hours.

> b. *The likelihood that the acceptance of the particular employment will preclude other employment by my firm;*

This factor is applicable. Preparing for, attending, and arguing the appeal of this matter involved approximately one year of research, drafting, and preparation. Three attorneys from my firm were involved in this process, each of whom was prevented from working on other matters while assisting with this appeal.

> c. *The fee customarily charged in the area for similar legal services;*

This factor is applicable. The fees charged in this case are customary and reasonable in this area for similar legal services. My rate on this matter was $450.00/hour, a rate that is both customary and reasonable for a senior partner with my level of experience. The rate for my associate who assisted with this matter, Mr. John D. Herrmann, ranged between $190.00/hour to $250.00/hour, a rate which in my experience is both customary and reasonable for an associate assisting on similar matters. By utilizing the assistance of Mr. Herrmann, the total average hourly rate for services provided on appeal amounted to only $372.60/hour.

> d. *The amount involved and the results obtained;*

This factor is applicable. Plaintiff sought damages in the principal sum of $249,300, as well as allegedly accrued interest and other penalties, as well as attorneys' fees. Defendant sought the remaining balance owed to Defendant after Plaintiff's default. Therefore, the value of upholding Defendant's victory in the District Court was worth approximately $350,000.00 - $400,000.00 in total value.

    e.    *The time limitations imposed by the client or by the circumstances;*

This factor is applicable. The fees incurred were reasonable and necessary given the length of time that the appeal was pending and the directives of the client.

    f.    *The nature and length of the professional relationship with the client;*

This factor is applicable. Defendant has been a client for several years.

    g.    *The experience, reputation, and ability of the lawyers performing the services; and*

This factor is applicable. I, along with my associate, John D. Herrmann, primarily provided the legal services in this case. The fees charged were reasonable given our experience, reputation, and ability.

    h.    *Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.*

This factor is not applicable.

10.    In light of these factors, it is my opinion that the fees stated herein are reasonable and necessary.

*[signature]*
Carlton D. Wilde, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME on this the 11th day of July 2024, by Carlton D. Wilde, Jr., to certify which witness my hand and official seal.

*[signature]*
Notary Public, State of Texas

Commission expires: 1/24/27

MEREDITH TISE
My Notary ID # 128352469
Expires January 24, 2027

4

*Affidavit in Support of Attorneys' Fees*
4889-9045-6526v.2 A382/00019

 

## Crady Jewett McCulley & Houren LLP

2727 Allen Parkway, Suite 1700
Houston, TX 77019-2125
713-739-7007

Zions Bancorporation NA
1717 West Loop South, 15th Floor
Houston, TX 77027

**RE:** Ramey & Schwaller, LLP

**Fees**

| Date | Staff | Description | Hours | Amount |
|---|---|---|---|---|
| 6/3/2024 | CDW | Analysis of | 0.20 | $90.00 |
| 6/4/2024 | CDW | Preparation for and attendance at teleconference with client | 0.50 | $225.00 |
| 6/4/2024 | MLB | Research regarding | 0.50 | $95.00 |
| 6/4/2024 | JDH | Telephone call | 0.50 | $125.00 |
| 6/5/2024 | JDH | Confer with C. Wilde regarding | 0.30 | $75.00 |
| 6/5/2024 | CDW | Analysis of receipt and review of email correspondence from opposing counsel (Mr. Ramey) regarding settlement and preparation of email correspondence to clients | 0.30 | $135.00 |
| 6/6/2024 | CDW | Additional analysis of settlement issues. | 0.50 | $225.00 |
| 6/7/2024 | CDW | Teleconference with client | 0.10 | $45.00 |
| 6/10/2024 | CDW | Preparation of settlement demand to opposing counsel (Mr. Ramey) | 0.10 | $45.00 |
| 6/20/2024 | CDW | Receipt and review of | 0.20 | $90.00 |
| 4/2/2024 | CDW | Analysis of review of record excerpts. | 0.50 | $225.00 |
| 4/2/2024 | REP | Review Appellant's Briefs filed in 23-20586 case. | 1.00 | $150.00 |
| 4/2/2024 | REP | Research cited cases in Appellant's brief on Westlaw and pull cited case information. | 1.00 | $150.00 |
| 4/2/2024 | REP | Begin collecting cited records from Appellant's brief. | 1.00 | $150.00 |
| 4/2/2024 | REP | Create Appellant Brief Binder with all the cases, records, statutes, and rulings referenced in Appellant's Briefs. | 1.00 | $150.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 4/2/2024 | REP | Begin drafting Appellee's Brief for 23-20586 case. | 0.30 | $45.00 |
| 4/3/2024 | MLB | Review of multiple notices from 5th Circuit Court of Appeals regarding Appellant's Brief and Record Excerpts. | 0.60 | $114.00 |
| 4/3/2024 | JDH | Continue working on Amegy's Response Brief for 5th Circuit appeal by Ramey & Schwaller. | 1.20 | $300.00 |
| 4/3/2024 | MLB | Plan and prepare for upcoming Brief deadline by reviewing 5th Circuit local rules/requirements and filings by Appellant. | 1.10 | $209.00 |
| 4/3/2024 | CDW | Analysis of status of appellate issues ███████████ ████████ | 0.50 | $225.00 |
| 4/3/2024 | CDW | Analysis of Fifth Circuit Notice of Appearance. | 0.10 | $45.00 |
| 4/4/2024 | CDW | Analysis of Appellate-Brief issues and review of legal research. | 0.80 | $360.00 |
| 4/7/2024 | JDH | Continue drafting response brief for 5th Circuit Appeal. | 3.20 | $800.00 |
| 4/8/2024 | JDH | Telephone call with opposing counsel regarding frivolous claims made by R&S in appellate brief. | 1.10 | $275.00 |
| 4/9/2024 | JDH | Continue working on brief to the 5th Circuit. | 5.50 | $1,375.00 |
| 4/9/2024 | CDW | Additional analysis of draft Appellee's Brief. | 0.50 | $225.00 |
| 4/9/2024 | CDW | Teleconference with client ████████████████ ████████████ | 0.30 | $135.00 |
| 4/9/2024 | CDW | Analysis of Supplemental Record Excerpts. | 0.30 | $135.00 |
| 4/10/2024 | CDW | Initial review of draft Appellee's Brief. | 0.50 | $225.00 |
| 4/10/2024 | MLB | Begin preparing for hard copies of Brief to be sent to the 5th Circuit Court of Appeals as required by the Federal Rules of Appellate Procedure. | 0.90 | $171.00 |
| 4/10/2024 | JDH | Continue working on brief to the 5th Circuit. | 2.20 | $550.00 |
| 4/10/2024 | MTR | Review and revise Appellee Brief. | 1.60 | $360.00 |
| 4/11/2024 | JDH | Finalize the factual and argument sections of draft brief to the 5th circuit. | 7.90 | $1,975.00 |
| 4/11/2024 | MLB | Research regarding ████████████████████████████ ████████████████████████████████████ | 0.50 | $95.00 |
| 4/11/2024 | MLB | Telephone conference with the 5th Cricut Court of Appeals regarding necessity of mailing bound hard copies of Brief once filed. | 0.20 | $38.00 |
| 4/11/2024 | MLB | Final revisions to Notice of Appearance. | 0.30 | $57.00 |
| 4/11/2024 | MLB | Begin revising and formatting Appellee's Brief. | 1.20 | $228.00 |
| 4/11/2024 | REP | Meeting regarding strategy on Appellee Brief. | 0.60 | $90.00 |
| 4/11/2024 | REP | Revising, formatting, and drafting Table of Authorities and Table of Contents for Appellee Brief. | 2.40 | $360.00 |
| 4/11/2024 | MTR | Revise Appellee brief; make final formatting edits. | 1.30 | $292.50 |
| 4/11/2024 | MLB | Revisions to Table of Contents within Appellee's Brief. | 0.50 | $95.00 |
| 4/11/2024 | MLB | Revisions to Table of Authorities within Appellee's Brief. | 0.90 | $171.00 |
| 4/11/2024 | MLB | Compile and electronically insert Appendix documents to be inserted into Appellee's Brief as required by Federal Rules of Appellate Procedure. | 0.40 | $76.00 |
| 4/11/2024 | CDW | Additional analysis of review of draft Appellee's Brief. | 1.00 | $450.00 |
| 4/11/2024 | CDW | Receipt and review of notices from Fifth Circuit and analysis of the same. | 0.20 | $90.00 |
| 4/12/2024 | MLB | Final revisions to Appellee's Brief. | 1.30 | $247.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 4/12/2024 | MTR | Attention to strategy regarding Appellee brief. | 0.30 | $67.50 |
| 4/12/2024 | CDW | Final analysis of preparation of edits to draft Appellee's Brief. | 0.80 | $360.00 |
| 4/12/2024 | CDW | Preparation of email correspondence to clients ▬▬ | 0.10 | $45.00 |
| 4/15/2024 | CDW | Receipt and review of Notice from Fifth Circuit. | 0.10 | $45.00 |
| 4/18/2024 | CDW | Review of legal research ▬▬ | 0.80 | $360.00 |
| 4/18/2024 | CDW | Teleconference with client ▬▬ | 0.30 | $135.00 |
| 4/18/2024 | MLB | Begin researching ▬▬ | 0.80 | $152.00 |
| 4/18/2024 | JDH | Additional research ▬▬ | 2.20 | $550.00 |
| 4/22/2024 | JDH | Draft and send settlement demand to opposing counsel and Ramey. | 1.10 | $275.00 |
| 4/22/2024 | CDW | Review of settlement demand to opposing counsel (Mr. Ramey). | 0.30 | $135.00 |
| 2/6/2024 | CDW | Receipt and review of Notices from opposing counsel (Mr. Ramey) and from Fifth Circuit. | 0.10 | $45.00 |
| 3/8/2024 | JDH | Draft settlement update ▬▬ | 0.30 | $75.00 |
| 3/8/2024 | CDW | Receipt and review of settlement proposal and analysis of same. | 0.30 | $135.00 |
| 3/11/2024 | CDW | Preparation of status update ▬▬ | 0.30 | $135.00 |
| 3/12/2024 | CDW | Analysis of Counter-Demand and possible settlement. | 0.30 | $135.00 |
| 3/13/2024 | CDW | Analysis of status of Appellant's Brief. | 0.20 | $90.00 |
| 3/13/2024 | CDW | Receipt and review of Appellant's Brief and initial analysis of same. | 0.50 | $225.00 |
| 3/14/2024 | MLB | Initial review of Appellant's Brief and attention to deadline to file Appellee's Brief. | 0.50 | $95.00 |
| 3/14/2024 | JDH | Review arguments presented in Ramey's new 5th Circuit brief. | 0.30 | $75.00 |
| 3/14/2024 | CDW | Additional analysis of Appellant's Brief. | 0.50 | $225.00 |
| 3/14/2024 | CDW | Preparation of status update to clients ▬▬ | 0.10 | $45.00 |
| 3/14/2024 | CDW | Review of legal research. | 0.30 | $135.00 |
| 3/14/2024 | CDW | Receipt and review of multiple notices from 5th Circuit regarding defects in Appellant's Brief and analysis of the same. | 0.10 | $45.00 |
| 3/18/2024 | CDW | Analysis of Appellee's Brief issues. | 0.50 | $225.00 |
| 3/22/2024 | CDW | Analysis of revised Appellant's Brief and related issues. | 0.50 | $225.00 |
| 3/27/2024 | CDW | Analysis of status of Response Brief and possible Motion for Sanctions. | 0.50 | $225.00 |
| 3/27/2024 | JDH | Begin drafting response brief for 5th Circuit Appeal. | 0.30 | $75.00 |
| 3/28/2024 | CDW | Analysis of Fifth Circuit Supplemental Filing. | 0.50 | $225.00 |
| 12/7/2023 | CDW | Receipt and review of Notice from court. | 0.10 | $45.00 |
| 12/7/2023 | CDW | Legal research ▬▬ | 0.50 | $225.00 |
| 12/7/2023 | CDW | Review of waiver of Response Brief. | 0.20 | $90.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 12/7/2023 | MLB | Finalize SCOTUS Waiver. | 0.30 | $57.00 |
| 12/8/2023 | CDW | Receipt and review of Notice from Fifth Circuit and analysis of the same. | 0.30 | $135.00 |
| 12/12/2023 | CDW | Review of status of appellant deadline and issues. | 0.50 | $225.00 |
| 12/13/2023 | CDW | Review of legal research ▮ | 0.50 | $225.00 |
| 12/20/2023 | MLB | Review SCOTUS docket entry regarding conference on Jan. 5th and prepare for same. | 0.30 | $57.00 |
| 12/20/2023 | CDW | Analysis of Supreme Court of United States deadlines. | 0.20 | $90.00 |
| 12/20/2023 | CDW | Receipt and review of Notice of Distribution for conference and preparation of email status update to clients ▮ | 0.30 | $135.00 |
| 12/21/2023 | CDW | Receipt and review of Notice of Non-Compliance from Supreme Court of United States and analysis of the same. | 0.10 | $45.00 |
| 12/21/2023 | CDW | Receipt and review of Transcript Order Request. | 0.10 | $45.00 |
| 12/22/2023 | JDH | Review District and 5th Circuit docket sheets and analyze ▮ | 0.20 | $50.00 |
| 12/22/2023 | CDW | Analysis of appellate deadlines and strategy. | 0.50 | $225.00 |
| 1/3/2024 | CDW | Receipt and review of Notice from Fifth Circuit and legal research ▮ | 0.50 | $225.00 |
| 1/8/2024 | CDW | Receipt and review of Order Denying Petition for Writ of Certiorari. | 0.10 | $45.00 |
| 1/8/2024 | CDW | Preparation of email status update to client ▮ | 0.30 | $135.00 |
| 1/8/2024 | CDW | Preparation of email correspondence to SBA ▮ | 0.20 | $90.00 |
| 1/8/2024 | JDH | Review and analyze SCOTUS order dated January 8, 2024 ▮ | 0.20 | $50.00 |
| 1/10/2024 | MLB | Review correspondence from Court of Appeals regarding briefing schedule and requirements. | 1.10 | $209.00 |
| 1/10/2024 | MLB | Obtain copy of Record on Appeal from the Southern District of Texas to be referenced within and used at exhibits un future briefing. | 0.40 | $76.00 |
| 1/19/2024 | CDW | Analysis of legal issues and review of legal research. | 0.80 | $360.00 |
| 5/6/2024 | JDH | Review and analyze Reply Brief filed by Ramey & Schwaller. | 0.90 | $225.00 |
| 5/6/2024 | CDW | Analysis of Notice from Fifth Circuit. | 0.10 | $45.00 |
| 5/6/2024 | CDW | Additional analysis of Reply Brief. | 0.80 | $360.00 |
| 5/29/2024 | MLB | Initial review of unpublished Opinion. | 0.20 | $38.00 |
| 5/29/2024 | JDH | Review and analyze opinion and judgment of 5th Circuit. | 0.30 | $75.00 |
| 5/29/2024 | MLB | Research regarding ▮ | 0.60 | $114.00 |
| 5/29/2024 | CDW | Analysis of Fifth Circuit opinion and attention to next steps. | 0.50 | $225.00 |
| 5/29/2024 | CDW | Preparation of email correspondence to clients ▮ | 0.30 | $135.00 |
| 5/29/2024 | CDW | Teleconference with client ▮ | 0.30 | $135.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 5/30/2024 | CDW | Analysis of status of various issues and settlement email. | 0.30 | $135.00 |
| **Fees Total** | | | **72.00** | **$20,674.00** |

### Expenses

| Date | Description | | Amount |
|---|---|---|---|
| 4/1/2024 | Pacer: Federal Court Charges 03/01/2024 through 03/31/2024 | | $8.50 |
| 12/28/2023 | Pacer: Federal Court Charges from 10/1/2023 through 12/28/2023 | | $34.80 |
| 12/31/2023 | Federal Express; Invoice# 8-347-75882 (Sent Carlton to Clerks Office 1 First Street NE Washington DC 20543) | | $27.40 |
| **Expenses Total** | | **3.00** | **$70.70** |

**PLEASE REFERENCE ACCOUNT NO. AND INVOICE NO. ON YOUR CHECK.**
**\*\*PAYABLE UPON RECEIPT\*\***